Cushman v. The Board of County Commissioners of Carver County.

CHARLES CUSHMAN

*vs.*

THE BOARD OF COUNTY COMMISSIONERS OF CARVER COUNTY.

*Chaska Company vs. Board of Supervisors, Carver County*, 6 *Minn.* 204, and *Nininger vs. Board of Commissioners, Caraer County*, 10 *Minn* 133, followed.

*Held*, that the Board of County Commissioners was authorized to negotiate the county bonds involved in the above mentioned actions through an agent.

The bond in suit provided for the payment of interest annually upon the principal, upon presentation of certain interest warrants, which were coupons attached to the bond. *Held*, that the right of action for such interest was not barred before the right of action for the principal was barred.

Appeal by the defendant from a judgment of the district court for Ramsey county, entered upon the report of a referee.

The opinion and the cases cited therein contain a full statement of the origin of the thirteen bonds, upon one of which the present action is brought. In this case the complaint alleges that the bonds were issued pursuant to a resolution passed by the defendant April 10, 1857; while the referee finds that on the 23d May, 1857, the resolution of April 10, 1857 was rescinded, and another and different resolution was passed, pursuant to which the thirteen bonds were issued by the defendant to the Chaska company, to be negotiated by that company as the defendant's agent. The plaintiff purchased the bond in suit from the company.

W. P. WARNER and JOS. WEINMAN, for Appellant.

GILFILLAN & WILLIAMS, for Respondent.

*By the Court.*—BERRY, J.—This action is brought to recover the principal and interest of one of a series of thirteen bonds issued by the defendant, being the same bonds which are considered and passed upon in *Chaska Company vs. The Board of Supervisors of Carver County.* 6 *Minn.* 204. In that case it was held, that the board of commissioners had authority to issue said thirteen bonds and that the same were valid and binding upon the county. In *Nininger vs. The Board of Commissioners of Carver County*, 10 *Minn,* 133, the validity of one of these same bonds came in question again, and in disposing of the objections made to their validity the court says: " It is further objected, that the county commissioners had no power to make or issue said bond. This very question was raised and decided in the case of *Chaska Company vs. Carver County,* 6 *Minn.* 204,

and though the plaintiff in that action is not a party in this, yet it and the defendants are the parties most to be affected by the decision of the question. The bond, on which this action is brought, is one of the bonds referred to in that case. The court then held that the plaintiff in that action could not recover, *because the bonds were valid,* and we are asked in this case to hold that the plaintiff cannot recover because the bonds are *invalid.* This would be unjust, even if we were satisfied that the doctrine of that case could not be sustained, we would not be justified in overruling it in this case. We therefore follow it without examination." See also *Freeman vs. Auld,* 44 *Barbour,* 14.

For like reasons we shall take the same course in the case at bar, and this will render it quite unnecessary for us to consider any of the objections urged against the validity of the bond in suit, or against the authority of the defendant to issue it, with perhaps a single exception. That exception concerns the authority of the defendant to negotiate the bonds through an agent. This point would seem to have been involved in the case reported in 6 *Minn.,* though as it does not appear to have been presented by counsel, it is not particularly considered or expressly passed upon in the opinion of the court. At any rate, the point presents very little difficulty.

Under the statute in force when the transactions under consideration took place, a board of county commissioners was not only authorized and required to provide for the erection of county buildings, (for the purpose of erecting which the bonds before mentioned were issued,) but such board was also "authorized and required to have the care of the county property, and the management of the county funds and business," with certain exceptions not here important. *Pub. St., ch.* 7, *sec.* 5, *subdiv.* 1 *and* 6.

Within the scope of its powers such board does not

exercise a delegated authority, in a sense which forbids it to act through agents. Having the general management of the business of the county, as above mentioned, such board constitutes, for the purpose of transacting such business, the *quasi* corporation itself, which it represents, viz., the county. *Burrill vs. Nahant Bank*, 2 *Metcalf*, 163. It is the "authorized body" of the county, and as such, unless expressly or impliedly restrained, may appoint agents for the county and clothe them with power to act for it *Dillon Mun. Corp.*, § 374 *and notes*. Now if the board was authorized to issue these bonds, and they were properly issued, so as to be valid and binding upon the county, as held in the case cited from 6 *Minn.*, which we follow, and as the purpose of their issue was to raise money, certainly the board possessed authority to negotiate them. If so, it follows from what is above said that, inasmuch as the statute imposes no restraint upon the board in this respect, it was entirely competent for the board to negotiate the bonds through an agent.

The bond in suit provided for the payment of interest annually upon the principal, upon presentation of certain interest warrants for the same. These interest warrants were coupons attached to the bond.

Defendant's counsel claims that the referee erred in allowing any interest accruing more than six years before action brought, but we think the allowance was quite right. The coupons are not independent instruments, like promissory notes, but are given for interest to become due upon the bond, which interest is a parcel of the bond itself. Neither do the coupons operate to extinguish the interest. *The City vs. Lamson*, 9 *Wallace*, 477. Interest is *incident* to the principal debt. Although a creditor may recover interest as it falls due, though it be before any part of the principal

Cushman v. The Board of County Commissioners of Carver County.

becomes due, yet if he forbear to bring his action to recover such interest, the interest remains incident to the debt, and may be recovered with it. *Ferry vs. Ferry*, 2 *Cushing*, 99; *Angell on Limitations*, 5th ed., 90, *note* 1 *and cases cited; Lexington vs. Butler*, 14 *Wallace*.

The only other points made by respondent's counsel, to which it is necessary, (in view of the foregoing conclusions,) for us to advert, relate, as suggested by plaintiff's counsel, to questions of variance between the complaint and the evidence, upon which the findings are to be presumed to have been based. There is no case made, and of course it does not appear that any objection on account of such variance was interposed upon the trial below. We see no reason why, if such objection had been made below, and the plaintiff thus notified of defendant's intention to insist upon it, the difficulty might not have been properly and entirely remedied by amendment. As it is, the defendant must be presumed to have waived its right of objection.

Judgment affirmed.